RECEIVED
IN ALEXANDRIA, LA

JUN 1 0 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FREDDIE LEE TAYLOR,<br>aka Freddie Taylor,<br>aka, Freddie L. Taylor<br>    LA. DOC #100971<br>VS. | CIVIL ACTION NO. 08-1913<br><br>SECTION P<br><br>JUDGE TRIMBLE |
| WARDEN TIM WILKINSON | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Freddie Lee Taylor filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on December 3, 2008. Petitioner is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Petitioner attacks his 2004 convictions for attempted manslaughter and possession of a firearm by a convicted felon in Louisiana's Eighth Judicial District Court, Winn Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### Background

In 1983 petitioner was convicted of forcible rape in the Eighth Judicial District Court, Winn Parish, in the matter of <u>State of Louisiana v. Freddie Lee Taylor</u>, Docket Number 27639. [See <u>Freddie Lee Taylor v. Tim Wilkinson, Warden</u>, Civil Action

No. 1:07-cv-0701, at rec. doc. 1, ¶1-8] His conviction was affirmed by the Second Circuit Court of Appeals on March 26, 1984. State of Louisiana v. Freddie Lee Taylor, 448 So.2d 773 (La. App. 2 Cir. 1984). On some unspecified date petitioner was released from custody.

Thereafter, on June 17, 2004, he was convicted of attempted manslaughter and possession of a firearm by a convicted felon in the matter of State of Louisiana v. Freddie Lee Taylor, Docket Number 39,921 of the Eighth Judicial District Court. [No. 1:08-cv-1913, rec. doc. 1, ¶1-3]

Petitioner appealed his conviction and sentences arguing two assignments of error - sufficiency of the evidence and excessiveness of sentence. On March 9, 2005 the Second Circuit Court of Appeals affirmed his conviction and sentence in an unpublished opinion and mailed Notice of Judgment on the same date. State of Louisiana v. Freddie L. Taylor, 2004-39443 (La. App. 2 Cir. 3/9/2005), 895 So.2d 80 (Table). [See also 1:08-cv-1913 at rec. doc. 1 at ¶6; rec. doc. 5-2, pp. 1-13 Exhibit A, (Slip Opinion)]

On March 14, 2005 petitioner's court-appointed appellate attorney sent a copy of the Second Circuit's opinion to petitioner and advised him of the time limits for seeking further direct review, for filing state post-conviction proceedings, and for filing a federal *habeas corpus* petition. [rec. doc. 5-2, pp.

2

14-15, Exhibit B]

Petitioner did not seek further direct review in the Louisiana Supreme Court.[1]

On or about July 19, 2005 petitioner filed a *pro se* application for post-conviction relief in the Eighth Judicial District Court.[2] On July 19, 2005 his application for post-conviction relief was denied by the District Court. According to the District Court's order, petitioner raised a single claim for relief – Excessiveness of Sentence. [rec. doc. 5-2, p. 16, Exhibit C]

On May 30, 2006 petitioner filed a *pro se* application for writs in the Second Circuit Court of Appeals seeking review of the District Court's judgment dismissing his application for post-conviction relief. [rec. doc. 5-3, pp. 1-16, Exhibit D][3] In this pleading, petitioner raised the following claims for relief:

---

[1] Petitioner claims that he sought further review, however, the presumptively reliable published jurisprudence of the State of Louisiana reveals no writ judgments involving this petitioner and referencing the docket number of the Second Circuit's decision on appeal. The two Supreme Court writ denials are: (1) State ex rel. Taylor v. State, 2008-0125 (La. 10/3/08), 992 So.2d 1007, which is a writ denial referencing the decision of the Second Circuit Court of Appeals decision in Docket Number 43,039-KH; and (2) State ex rel. Taylor v. State, 2006-1427 (La. 2/2/07), 948 So.2d 192, which is a writ denial referencing the decision of the Second Circuit's decision in Docket Number 40,596-KH.

[2] According to petitioner, he no longer has a copy of this pleading in his possession. See rec. doc. 5, ¶6]

[3] The pleading submitted by petitioner is undated; however, the writ judgment associated with the pleading indicates that petitioner's writ application was received on May 30, 2006 and filed on June 7, 2006. [see rec. doc. 5-4, p. 17, Exhibit E]

3

(1) "... the trial court erred in his reasonable doubt instruction to the jury specifically limiting the jurors to evidence before them in determining guilt or innocence." [rec. doc. 5-4, pp. 3-4]; (2) "... the trial judge committed reversible error by allowing the State's prosecution to use inadmissible evidence of other crimes, without prior notice pursuant to La. C.Cr.P. art. 720 and La. C.E. art. 404(B), that the state intended to use at trial to wit: Forcible Rape Conviction." [rec. doc. 5-4, pp. 5-7]; (3) "...his conviction was obtained in violation of <u>Brady v. Maryland</u>, 373 U.S. 83, 87, 10 L.Ed.2d 215, 83 S.Ct. 1194, whereas the State suppressed favorable evidence, to wit: two video surveillance tapes from Burger King." [rec. doc. 5-4, pp. 8-11]; (4) "... the trial court erred by allowing the State to introduce to the jury copies of a statement given to police in violation of La. R.S.15:451 and La. C.Cr.P. art. 703(D) and (G) of its witness Terry Lee Jackson, who was at trial and testified therein..." [rec. doc. 5-4, pp. 12-14]; (5) "... that he was the subject of double jeopardy under the United States Constitutional Amendment 5 and under La. Constitution of 1974 Article 1, Section 15..." [rec. doc. 5-4, pp. 14-15] In each instance petitioner alleged that he raised the claim in his application for post-conviction relief in the District Court.

This writ application was assigned docket number 41523-KH by the Second Circuit Court of Appeals. On June 23, 2006 the Second

4

Circuit denied writs and noted, "This application, which does not comply with the requirements of U.R.C.A. Rule 4 on the form and contents of a writ application, makes no showing that will justify relief. The most recent ruling (July 19, 2005) appears to be the one from which supervisory review is sought. That ruling adverts only to sentencing claims (that in sentencing, the trial court did not structure a scheme of independent sentences). This is in effect an excessive sentence claim, and such sentence claims do not provide grounds for post-conviction relief. La. C.Cr.P. art. 930.3; State ex rel Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172. The writ is denied." [State of Louisiana v. Freddie Lee Taylor, No. 41523-KH at rec. doc. 5-4, p. 17, Exhibit E (emphasis supplied)]

On July 11, 2006 petitioner filed a writ application/request for reconsideration in the Second Circuit Court of Appeals under Docket No. 41523-KH. On July 28, 2006 the writ application/ request for reconsideration was denied because petitioner's pleadings did not comply with Uniform Rules Court of Appeal Rule 4-5. State of Louisiana v. Freddie Lee Taylor, No. 41523-KH, On Reconsideration. Notice of Judgment was mailed to petitioner on the same date. [rec. doc. 5-4, pp. 18-20, Exhibit E]

In a pleading dated January 22, 2007 petitioner apparently again sought reconsideration from the Second Circuit Court of Appeals. [see rec. doc. 5-2, pp. 21-55; rec. doc. 5-3, pp. 7-41]

5

In this pleading he argued: (1) ineffective assistance of appellate counsel; (2) erroneous reasonable doubt jury instruction; (3) other crimes evidence was erroneously admitted; (4) Brady violation; (5) introduction of witness' statement; (6) double jeopardy; (7) unapproved contact with potential jurors; and, (8) insufficiency of the evidence. [rec. doc. 5-2, p. 24]

On September 18, 2007 petitioner submitted another pleading to the Second Circuit Court of Appeals which was assigned Docket Number 43,039-KH. This writ application was denied on November 1, 2007 as follows: "The applicant's claims are repetitive because they were argued to the Court in a previous writ application and denied. See La. C.Cr.P. art. 930.4A; State v. Biagas, 99-2652 (La. App. 4th Cir. 2/16/00), 754 So.2d 1111, *writ denied*, 2000-0785 (La. 10/27/00), 772 So.2d 120. The applicant makes no new claims, nor does he include any new documents to support his previous claims. The writ is therefore denied." State v. Freddie Lee Taylor, No. 43,039-KH at rec. doc. 5-4, p. 21, Exhibit E]

In a pleading dated November 29, 2007 petitioner sought review of the writ denial in the Supreme Court. In the pleading's preamble, petitioner indicated that he was seeking review of the application for post-conviction relief denied in the Eighth Judicial District Court under Docket Number 27639 and review of

the Second Circuit's judgment under Docket Number 43,039-KH.[4] [rec. doc. 5-4, p. 22, Exhibit F] He raised claims of (1) ineffective assistance of counsel [rec. doc. 5-4, pp. 24-42]; (2) Brady violation [rec. doc. 5-4, pp. 42-44]; (3) inadmissible other crimes evidence [rec. doc. 5-4, pp. 44-45]; (4) insufficiency of evidence [rec. doc. 5-4, p. 46]; and (5) erroneous reasonable doubt instruction. [rec. doc. 5-4, p. 47]

On October 3, 2008 the Louisiana Supreme Court issued a one-word writ denial referencing the Second Circuit's decision under Docket No. 43,039-KH and the District Court's Docket Number 27639. See State ex rel. Freddie Lee Taylor, 2008-0125 (La. 10/3/2008). [rec. doc. 5-4, p. 50, Exhibit G]

On December 3, 2008 petitioner filed the instant petition for habeas corpus raising the following claims for relief: (1) faulty jury instruction on reasonable doubt; (2) erroneous admission of other crimes evidence; (3) Brady v. Maryland violation;(4) erroneous admission into evidence of witness statement; and, (5) ineffective assistance of trial counsel.

_____

[4] As noted above, the matter docketed in the Eighth Judicial District Court under Docket Number 27639 was petitioner's 1983 rape conviction. However, the pleading in question clearly seeks review of petitioner's firearm possession and attempted manslaughter convictions which were docketed in the Eighth Judicial District Court under Docket Number 39, 921.

7

## *Law and Analysis*

### *1. Exhaustion of State Court Remedies*

Title 28 U.S.C. §2254 states, in pertinent part:

(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that</u>

(A) <u>the applicant has exhausted the remedies available in the courts of the State</u>; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. <u>Castille v. Peoples</u>, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

8

To have exhausted state remedies, a federal *habeas*
petitioner must have fairly presented the substance of his
federal constitutional claims to the state courts. Nobles v.
Johnson, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S.
1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion
requires that any federal constitutional claim presented to the
state courts be supported by the same factual allegations and
legal theories upon which the petitioner bases his federal
claims. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512,
30 L.Ed.2d 438 (1971). "[F]ederal constitutional claims must
have been presented to and considered by the state courts in a
federal constitutional framework before resort can be made to
federal courts." Yohey v. Collins, 985 F.2d 222, 226 (5th
Cir.1993). "It is not enough that all the facts necessary to
support the federal claim were before the state courts, or that a
somewhat similar state-law claim was made." Anderson v. Harless,
459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3, 7 (1982) (*per
curiam*) (internal citation omitted).

In addition, a federal *habeas* petitioner must "fairly
present" his federal constitutional claim to the highest state
court. Skelton v. Whitley, 950 F.2d 1037, 1041 (5th Cir.), *cert.
denied sub nom.* Skelton v. Smith, 506 U.S. 833, 113 S.Ct. 102,
121 L.Ed.2d 61 (1992); Richardson v. Procunier, 762 F.2d 429, 431
(5th Cir.1985); Carter v. Estelle, 677 F.2d 427, 443 (5th

9

Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Thus, in order to properly exhaust a claim in the Louisiana courts, a federal litigant must have (1) fairly presented the substance of his federal constitutional claims (2) in a procedurally correct manner (3) to the Louisiana Supreme Court. Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.2001; Deters v. Collins, 985 F.2d 789, 795 (5th Cir.1993).

### a. *Petitioner's habeas claims were not presented to the Louisiana Supreme Court in a "procedurally correct manner."*

Petitioner advances five claims for relief in his petition for *habeas corpus*, summarized as follows: (1) jury instruction; (2) other crimes evidence; (3) Brady violation; (4) erroneous admission of evidence; and (5) ineffective assistance of trial counsel. None of these claims were raised on direct appeal to the Second Circuit Court of Appeal.

Petitioner implies that these claims were raised in his application for post-conviction relief filed in the Eighth Judicial District Court sometime prior to July 19, 2005. Petitioner has not provided a copy of the application in question, and claims that he is unable to do so [see fn. 2, *supra*], however, the available evidence suggests that none of the instant *habeas* claims were raised in the application for post-

10

conviction relief filed in the District Court. The trial court's Order denying relief indicates that petitioner raised only a claim of excessiveness of sentence in this post-conviction litigation. [see rec. doc. 5-2, p. 16, Exhibit C] In the writ application filed in the Second Circuit Court of Appeals on May 30, 2006 petitioner claimed that he raised each of the claims in his application for post-conviction relief in the district court [rec. doc. 5-4, pp. 1-16, Exhibit C], however, the Second Circuit, in denying relief specifically noted that the trial court ruling in question "... adverts only to sentencing claims ..." [See State of Louisiana v. Freddie Lee Taylor, No. 41523-KH at rec. doc. 5-4, p. 17, Exhibit E.] Petitioner's subsequent request for reconsideration was dismissed because petitioner's pleading did not comply with the formal requirements of U.R.C.A. Rule 4-5 [Id., rec. doc. 5-4, pp. 19-20]; and his final writ application was denied as repetitive. [State of Louisiana v. Freddie Lee Taylor, No. 43,039-KH at rec. doc. 5-4, p. 21]

In short, the available evidence indicates that petitioner did not raise any of his current claims in his original application for post-conviction relief filed in the District Court. The Second Circuit Court of Appeals noted that fact and refused to address the merits of those claims initially because they were raised for the first time in the Court of Appeals; and then subsequently because petitioner failed to follow the Uniform

11

Rules relative such filings.

Under Louisiana law, an application for post-conviction relief must be filed in· "... the district court for the parish in which the petitioner was convicted..." La. C.Cr.P. art. 926(A); further, the Uniform Rules of the Courts of Appeal, Rule 4-5 mandates certain formal requirements for writ applications. The available evidence establishes that petitioner raised his current claims initially in the Court of Appeals, and that he did not comply with the formal requirements of U.R.C.A. Rule 4-5. In other words, petitioner presented these claims to the Court of Appeals in an inappropriate manner which prohibited the Court from addressing the merits of his claims. Although it appears that he ultimately raised some of his current claims in the Louisiana Supreme Court, it remains equally clear that he did not do so in a "procedurally correct manner" and therefore, those claims remain unexhausted. See Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.2001; Deters v. Collins, 985 F.2d 789, 795 (5th Cir.1993).

### b. An Analysis of Each Claim

Even if petitioner raised his federal claims in the District Court and thereafter in the Second Circuit and the Supreme Court, the claims (other than his Brady claim) remain unexhausted under alternative legal theories.

### Ground One – Reasonable Doubt Jury Instruction

Petitioner raised this claim as "Issue #5" in his application for *certiorari* in the Louisiana Supreme Court. [rec. doc. 5-4, p. 47] However, he presented this claim solely as a violation of Louisiana law citing only the Louisiana Supreme Court cases of State v. Vessell, 450 So.2d 938 (La. 1984) and State v. Mock, 403 So.2d 8 (La. 1981), and La. C.Cr.P. art. 804.

As noted above, "... federal constitutional claims must have been presented to and considered by the state courts in a federal constitutional framework before resort can be made to federal courts." Yohey v. Collins, 985 F.2d 222, 226 (5th Cir.1993). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3, 7 (1982) (per curiam) (internal citation omitted). Petitioner, having presented only a State law claim to the Louisiana Supreme Court, failed to exhaust the federal claim.

### Ground Two – Other Crimes Evidence

Petitioner raised his "other crimes" evidence claim as "Issue #3" in his petition for *certiorari* in the Louisiana Supreme Court. [rec. doc. 5-4, pp. 44-45] Again, petitioner argued only violations of Louisiana law before the Supreme Court, citing La. C.Cr.P. art. 720, La. C.E. art. 404(B), State v.

13

Jackson, 625 So.2d 146 (1993), State v. Davis, 449 So.2d 466 (1984), La. C.E. art. 403, State v. Prieur, 277 So.2d 126 (1973), La. R.S.15:495, La. R.S.15:434, State v. Pather, 290 So.2d 804 (1974), La. R.S.15:481, State v. Fronts, 354 So.2d 1007 (La. 1979), State v. Ladet, 340 So.2d 474 (La. 1977), La. R.S.15:445 and 446. As with Claim One, Claim Two remains unexhausted due to petitioner's failure to fairly present the substance of his federal claim to the Louisiana Supreme Court.

### Ground Three – *Brady* violation

Petitioner argued the substance of Ground Three as "Issue #2" in his application for *certiorari* in the Louisiana Supreme Court. [rec. dec. 5-4, pp. 42-44] Petitioner raised a federal claim in the Louisiana Supreme Court. However, as is shown below, this claim has no support in law or fact and is manifestly without merit.

### Ground Four – *Evidentiary Issue*

In his fourth claim for relief petitioner argued, "... the trial court erred by allowing the State to introduce to the jury copies of a statement given to police by a witness..." Petitioner did not raise this claim in his application for *certiorari* in the Louisiana Supreme Court, therefore, even if he properly raised it in the District Court and the Court of Appeals, it remains unexhausted.

### *Ground Five – Ineffective Assistance of Trial Counsel*

Petitioner's final claim for relief alleges ineffective assistance of counsel and is supported by the following allegation, "Counsel Herman Castete did not do a proper pre-trial investigation [because] of his lack to be honest [sic] which prejudice[d] petitioner to a fabricated arrest report made by office[r] Miles and tampering with the jury." Petitioner raised a similar claim as "Issue #1" in his application for *certiorari* in the Louisiana Supreme Court. [rec. doc. 5-4, pp. 24-42]

However, petitioner did not present an ineffective assistance of counsel claim in his first writ application to the Second Circuit [rec. doc. 5-3, pp. 1-16], and, in his subsequent writ application, he argued ineffective assistance of <u>appellate counsel</u>. [rec. doc. 5-3, pp. 11-30]

In other words, petitioner's claim of ineffective assistance of <u>trial counsel</u> was presented for the first time to the Louisiana Supreme Court. Since this claim was not properly presented to the Louisiana Supreme Court it remains unexhausted.

### *2. Technical Exhaustion and Procedural Default*

Since petitioner failed to fairly present the substance of his federal claims for relief in his application for post-conviction relief, those claims remain unexhausted. It appears, however, that these claims, while unexhausted, may be considered "technically" exhausted since it is unlikely that petitioner

15

could return to the Louisiana courts to re-litigate these claims.

La. C.Cr.P. art. 930.8 provides for a 2-year statute of limitations for filing applications for post-conviction relief. This limitations period is generally reckoned from the date that the judgment of conviction became final under Louisiana law. As noted above, petitioner did not apply for *certiorari* in the Louisiana Supreme Court following the affirmance of his conviction by the Second Circuit Court of Appeals on March 9, 2005. His judgment of conviction became final pursuant to La. C.Cr.P. art. 922(B) sometime in March 2005 when the 14 day period for seeking rehearing in the Court of Appeals lapsed. Any attempt on petitioner's part to properly litigate his federal claims in the Louisiana Courts via an application for post-conviction relief would be doomed to dismissal as untimely pursuant to art. 930.8 since more than 2 years have elapsed since March 2005.

In other words, petitioner's unexhausted claims must now be considered "technically" exhausted since State court remedies are no longer available. However, by the same token, these claims must now be considered procedurally defaulted. The procedural default doctrine bars federal *habeas corpus* review if the state courts would now refuse to address a *habeas* petitioner's unexhausted federal claim because litigation of those claims would be barred by state procedural rules.

Federal *habeas* review of this "technically" exhausted but

16

now procedurally defaulted claim is barred "...unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750-51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Anticipating this possibility, the undersigned, in a Memorandum Order dated April 6, 2009 directed petitioner to (1) prove exhaustion of state court remedies with respect to his claims; (2) demonstrate whether state court remedies might remain available in the event that the claims were not exhausted; (3) demonstrate "cause and prejudice" or a miscarriage of justice in the event that his claims were determined to be technically exhausted but now procedurally defaulted. [rec. doc. 4] Petitioner responded to the Memorandum Order insofar as it directed him to provide additional court documents, however, petitioner did not respond to the order directing him to address the issues of exhaustion of state court remedies, availability of state court remedies, or cause, prejudice, and actual innocence. [rec. doc. 5]

## A. Cause and prejudice

In Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court explained that "cause" in the context of a procedural default refers to an impediment

external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." Murray v. Carrier, 477 U.S. at 488, 106 S.Ct. at 2645 (internal citations omitted).

Clearly, the cause of the defaults identified above was petitioner's failure to properly advance his federal constitutional claims in a systematic manner to and in the Second Circuit Court of Appeal and the Louisiana Supreme Court. This failure was clearly not "... an impediment external to the defense..." Thus, petitioner cannot show "cause" for his default.

Further, if a *habeas* petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. Saahir v. Collins, 956 F.2d 115, 118 (5th Cir.1992).

### B. Miscarriage of Justice

Since petitioner has failed to show "cause and prejudice" for his default, federal review of the "technically exhausted" claims may therefore be had only if necessary to avoid a

18

fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750, 111 S.Ct. 2546

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Murray v. Carrier</u>, 477 U.S. 478, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); <u>Glover v. Cain</u>, 128 F.3d 900, 904 (5th Cir. 1997). To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime. <u>Corwin v. Johnson</u>, 150 F.3d 467, 473 (5 Cir.1998); <u>Ward v. Cain</u>, 53 F.3d 106, 108 (5th Cir.1995). Thus, the petitioner must make a "colorable showing of factual innocence." <u>Callins v. Johnson</u>, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting <u>McClesky v. Zant</u>, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not shown as a factual matter that he is actually innocent of the crimes of conviction. Thus, he has not shown that he will suffer a fundamental miscarriage of justice from this court's failure to consider his current *habeas corpus* claims. Accordingly, petitioner cannot avoid procedural default of these claims on the

19

grounds of actual innocence.[5]

### 3. The merits of the _Brady_ claim

As has been shown, petitioner did not fairly present the substance of his federal claims to the Louisiana Courts in a procedurally proper manner. All of the claims are subject to dismissal under various theories of exhaustion, technical exhaustion and procedural default.

Nevertheless, since petitioner did arguably present the substance of his _Brady_ claim to the Louisiana Supreme Court, a discussion of the merits of that claim may be appropriate.

Petitioner provided no legal argument or factual support for his _Brady_ claim in the instant petition. Nevertheless, his state court pleadings flesh out the specifics of this claim. According to petitioner, witnesses testified to the existence of surveillance cameras at the fast food restaurant that was the scene of the crime. Petitioner points to trial testimony which indicated that the surveillance tape was provided to the police. However, he claims that these tapes were then "suppressed" by the police and, further, that had they been disclosed at trial they would have proved that he was not armed as alleged by the

---

[5] Of course, petitioner may again object to this Report and Recommendation. In the event that he does object, he is encouraged to provide argument and evidence of "cause and prejudice" and "miscarriage of justice." Additionally, he is also encouraged to submit argument and evidence to establish that he either exhausted his federal claims, or that there were no state court remedies available, or that he still has the right to avail himself of state court remedies.

complaining witness. [see rec. doc. 5-4, pp. 42-44]

These allegations are refuted by excerpts of trial testimony that petitioner himself supplied in his Supreme Court writ application. In his argument on ineffective assistance of counsel, petitioner provided hand-written excerpts of trial testimony. In the testimony submitted, the unidentified witness: (1) confirmed the presence of surveillance cameras [rec. doc. 5-4, p. 32], (2) indicated that the areas under surveillance included the front counter and part of the kitchen, but not the area going towards the women's restroom [id., p. 33]; (3) stated that petitioner showed up on the surveillance tapes that were reviewed by the witness, first, at the front counter and then as he walked toward the kitchen [id]; and, (4) that the witness could not see "... anything in [petitioner's] hand... gun or anything..." [id., pp. 33-34]. At the conclusion of the excerpt provided by petitioner, the witness testified that he did not see petitioner armed with a gun or with anything in his hand and that it was "most likely" that had petitioner been carrying a gun, he would have seen it. [id.]

Petitioner claims that exculpatory evidence was contained in the surveillance tape, and, indeed that appears to be the case. However, that evidence was not suppressed. The witness who described the surveillance tape provided the exculpatory evidence when he testified that in his review of the tapes he did not see

petitioner armed with a pistol and that had petitioner been carrying a pistol he would have "most likely" seen it.

Under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the suppression by the prosecution of "evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87, 1196-97. To prevail on a Brady claim, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 281-282, 119 S.Ct. 1936, 1948, 144 L.Ed.2d 286 (1999). The Fifth Circuit has held that "evidence is not 'suppressed' if the defendant either knew, or should have known of the essential facts permitting him to take advantage of any exculpatory evidence." Rector v. Johnson, 120 F.3d 551, 560 (5th Cir.1997).

Petitioner has pointed to the existence of exculpatory evidence, however, as seen by the excerpts this evidence was never suppressed; it is apparent that the defendant and his attorney were aware of its existence and the exculpatory evidence contained in the surveillance tape was in fact presented to the jury.

In short, petitioner's <u>Brady</u> claim, even if properly exhausted, would be subject to dismissal on the merits.

### 4. Conclusion and Recommendation

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases since petitioner's claims were not exhausted, and, although they are now technically exhausted, they must be dismissed as procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* **<u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415**

23

(5th Cir. 1996).

      **THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this \_\_\_\_\_ day of _____ 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE