RECEIVED
IN ALEXANDRIA, LA

JAN 15 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FREDDIE LEE TAYLOR,<br>    Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. 08-CV-1913 |
| VERSUS | |
| WARDEN, WINN CORRECTIONAL<br>CENTER,<br>    Respondent | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

On September 24, 2009, Taylor filed a notice of appeal from the denial of his petition for writ of habeas corpus (Doc. 13). Taylor signed his notice of appeal on September 16, 2009, and signed his certificate of service on September 17, 2009 (Doc. 13). The Fifth Circuit ordered this court to determine when Taylor gave his notice of appeal to the prison officials for mailing, noting that it must have been delivered to prison officials for mailing on or before *September 18, 2009* in order to be timely (Doc. 21).

On December 17, 2009, this court ordered Taylor and the responsible officials at Winn Correctional Center ("WCC"), directly and through their customary attorney of record, to provide this

court with documents which would aid the courts in determining the correct date withing fifteen days of the date of the order. Taylor filed his response on December 28, 2009 (Doc. 27). As of the date of this Report and Recommendation, WCC officials have not complied with this court's order and have not submitted anything to assist the courts in this matter.

## Law and Analysis

Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing. Causey v. Cain, 450 F.3d 601, 604 (5th Cir. 2006), citing Houston v. Lack, 487 U.S. 266, 270-71, 108 S.Ct. 2379 (1988).

Taylor filed his "withdrawal request" slip, which provides information as to the date he made a written request to the prison officials at WCC to withdraw funds from his prison account to pay the postage and mail his notice of appeal (Doc. 27); the withdrawal request is dated September 17, 2009, and states, "Inmate must attach a stamped, addressed envelope for all outside mail." The withdrawal request also contains the notation, "Mailed 9-23-09. AL" and it is verified by "S. Eustin" (Doc. 27).

Taylor explains in a letter to the court that, in order for inmates to send out mail from WCC, inmates must submit a withdrawal slip for the inmate's account to be debited the amount of postage (Doc. 27). After the inmate's account is debited, a copy of the

2

withdrawal slip is sent to the inmate, indicating the date the debit is made to the inmate's account and the actual mailing date (Doc. 27).

Since the withdrawal slip shows Taylor's account was debited on September 17, 2009, the prison officials necessarily had Taylor's notice of appeal in hand at that time, since it had to be attached to the withdrawal slip. Therefore, since Taylor gave his notice of appeal to the prison officials for mailing on or before September 17, 2009, Taylor's notice of appeal was timely under the mailbox rule.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Taylor's notice appeal be accepted as TIMELY.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) calendar days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) calendar days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

**WITHIN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 14th day of January, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE