RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/05/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

FREDDIE LEE TAYLOR,          CIVIL ACTION
    Appellant              SECTION "P"
                             NO. 1:08-CV-01913
VERSUS

WARDEN, WINN CORRECTIONAL    JUDGE JAMES T. TRIMBLE
CENTER,                      MAGISTRATE JUDGE JAMES D. KIRK
    Appellee


REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

    This case was remanded by the Fifth Circuit Court of Appeals for further consideration of the issue of exhaustion after expansion of the record (Doc. 36). The matter was then referred to the undersigned Magistrate Judge (Doc. 37).

    On December 3, 2008, Freddie Lee Taylor filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his 2004 convictions and sentences, by a jury in the Louisiana Eighth Judicial District Court in Winn Parish, on one count of possession of a firearm by a convicted felon and one count of attempted manslaughter; Taylor received the maximum sentences on both counts, imposed consecutively for a total of 35 years at hard labor.

    Taylor raises the following grounds for habeas relief in his petition:

    1. Erroneous jury instructions as to reasonable doubt.

    2. Improperly admitted other crimes evidence.

3. Brady violation.

4. Improper admission of a witness's statement to the police without laying a foundation.

5. Ineffective assistance of trial counsel.

Taylor filed a direct appeal from his convictions, arguing there was insufficient evidence to support his convictions and his sentences are excessive. That appeal was denied in an unpublished opinion by the Louisiana Second Circuit Court of Appeal on March 3, 2005 (Doc. 44, pp. 437/536-448/536). State v. Taylor, 2004-39443 (La. App. 2d Cir. 3/9/05), 895 So.2d 80 (table). Taylor did not file an application for writs to the Louisiana Supreme Court.

Taylor next filed an application for post-conviction relief in the state district court on July 15, 2005 (Doc. 44, p. 451/536), raising claims as to (1) an improper jury instruction on reasonable doubt, (2) improper admissions of other crimes evidence by the State, (3) a Brady violation, (4) improperly admission of a witness's statement to the police, and (5) double jeopardy. The district court denied that application on July 19, 2005 on the basis that his sentences were not excessive; the state district court did not address the issues actually in Taylor's application (Doc. 44, p. 496/536).

Taylor filed an application for supervisory writs to the Second Circuit Court of Appeal, alleging (1) denial of the effective assistance of appellate counsel, (2) erroneous jury

2

instructions on reasonable doubt, (3) improper admission of other crimes evidence at trial, (4) a <u>Brady</u> violation, (5) improper admission of a witness's statement to the police, (6) double jeopardy, (7) unapproved contact with potential jurors, and (8) insufficient evidence to support the conviction (Doc. 5, Ex. D). The Second Circuit Court of Appeal denied Taylor's applications for supervisory writs on May 17, 2006, citing both procedural grounds and because a claim of excessive sentence does not state a ground for post-conviction relief (Doc. 44, p. 498/536) and June 23, 2006 (Doc. 5, Ex. E). Taylor applied for reconsideration of supervisory writs to the Louisiana Second Circuit Court of Appeal on July 11, 2006 (Doc. 5, p. 21/55) which was denied on procedural grounds on July 28, 2006 (Doc. 5, Ex. E). The Second Circuit again denied writs, due to repetitiveness, on November 1, 2007 (Doc. 5, Ex. E). Taylor applied for writ of certiorari to the Louisiana Supreme Court on November 29, 2007, alleging (1) denial of the effective assistance of trial counsel for failure to obtain the videotapes, (2) a <u>Brady</u> violation, (3) improper admission of other crimes evidence, (4) insufficient evidence to support the convictions, and (5) erroneous jury instructions on reasonable doubt (Doc. 5, Ex. F); that application was denied on October 3, 2008 (Doc. 5, Ex. G).

<u>Exhaustion</u>

Petitioners seeking habeas relief under Section 2254 are required to exhaust all claims in state court prior to requesting

3

federal collateral relief.  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the *highest* state court.  A claim is not exhausted unless the habeas petitioner provides the highest state court with a fair opportunity to pass upon the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).

The exhaustion of state remedies doctrine, codified in the federal habeas statute, 28 U.S.C. §2254, reflects a policy of federal-state comity.  Stewart v. Martinez-Villareal, 523 U.S. 637, 118 S.Ct. 1618, 1621-22 (1998), citing Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971).  A federal habeas corpus petitioner must have provided all state courts that could review the matter with a fair opportunity to review the substance of all of his federal habeas claims before a federal court will review the claims.  The mere fact that a federal petitioners' case has been through the state courts is not enough.  A federal petitioner must have presented the state courts with the same claims he urges upon the federal courts.  Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991); Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982); Picard, 404 U.S. at 275-276, 92 S.Ct. at 512.; Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).

Thus, a fleeting reference to the federal constitution, tacked

4

onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights. Moreover, to hold that vague references to such expansive concepts as due process and fair trial fairly present, and therefore exhaust, federal claims would eviscerate the exhaustion requirement. Wilder v. Cockrell, 274 F.3d 255 (5th Cir. 2001).

Moreover, to provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347 (2004).

Taylor's claim as to improper admission of a witness's statement to the police was not presented to the Louisiana Supreme Court and, therefore, is not exhausted.

Likewise, Taylor's claim that he had ineffective assistance of trial counsel is not exhausted because he presented that claim *only* to the Louisiana Supreme Court, which summarily denied Taylor's application for writs. (Taylor presented the lower court with a claim of ineffective assistance of *appellate* counsel.) Therefore, As stated above, the highest state court is presented with a fair opportunity to pass upon a the claim only when the applicant presents his claims before the state courts in a procedurally proper manner. Since Taylor's ineffective assistance of trial counsel claim was not presented to the two lower state courts, it

5

was never presented to the Louisiana Supreme Court in a procedurally proper manner.   Therefore, that claim is also unexhausted.

Procedural Bar

In its order to remand, the Fifth Circuit included a question as to whether Taylor's claims are procedurally barred.  To prevent federal habeas review, a state procedural bar must be independent of the merits of the federal claim and adequate in the sense of not being unconstitutional, arbitrary, or pretextual.  Lott v. Hargett, 80 F.3d 161, 164 (5th Cir. 1996).  Also, Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546 (1991).  A state procedural rule enjoys a presumption of adequacy when the state court *expressly relies on it* in deciding not to review a claim for collateral relief.  Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), cert. den., 523 U.S. 1125, 118 S.Ct. 1811 (1998).

The state courts did not rely solely on procedural grounds in dismissing Taylor's claims.   Instead, the district court's dismissal of Taylor's post-conviction relief claims was based on substantive state law (albeit without addressing the correct claims) and the court of appeal dismissed his application for writs on both procedural and substantive grounds (although, as in the district court, the substantive grounds given addressed the wrong claim).   The Louisiana Supreme Court denied writs without giving any reasons, so presumably the grounds cited by the court of appeal

were adopted.

Since the Louisiana courts did not rely solely on "independent and adequate" procedural grounds to dismiss Taylor's post-conviction application, Taylor's claims are not procedurally barred and will be considered further herein.

<u>Federal Constitutional Claims</u>

Section 2254 requires a federal habeas petitioner to provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.  It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made.  The habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claim.  <u>Anderson v. Harless</u>, 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982).  Federal constitutional claims must have been presented to and considered by the state courts in a federal constitutional framework before resort can be made to federal courts.  <u>Yohey v. Collins</u>, 985 F.2d 222, 226 (5th Cir. 1993), and cases cited therein. At least three of Taylor's claims are based solely on state law, and thus do not present federal constitutional claims cognizable in habeas corpus.

<u>Jury Instruction on Reasonable Doubt</u>

First, Taylor argues the state court judge gave an erroneous instruction as to reasonable doubt by failing to inform the jury

that reasonable doubt may arise from a lack of evidence as well from the evidence admitted at trial, citing two state court cases, State v. Vessell, 450 So.2d 938, 948 (La. 1984), and State v. Mack, 403 So.2d 8 (La. 1981) (Doc. 1). This is the same argument Taylor made on post-conviction relief. However, Taylor did not argue federal law—Vessell and Mack both deal with state law jury instructions issues and require a trial judge to include either the exact language of La.C.Cr.P. art. 804 in his instructions to the jury on reasonable doubt or instructions substantially similar to the statute. Since Taylor did not raise this claim in a federal constitutional framework in either the state courts or this court, it is not cognizable under Section 2254 now.

Other Crimes Evidence

Next, Taylor contends in his habeas petition that the trial judge committed reversible error by allowing the state's prosecutor to use inadmissible evidence of other crimes, without having informed Taylor of its intent to introduce other crimes evidence at trial. In his state application for post-conviction relief (Doc. 5), Taylor's argument is framed solely in state statutory and case law as to state rules of evidence. Mere violation of evidentiary rules by the state trial court does not in itself invoke habeas corpus relief. Panzavecchia v. Wainwright, 658 F.2d 337, 340 (5th Cir. 1981). Thus, claims challenging the exclusion or inclusion of evidence based on state law do not afford a basis for federal

8

habeas corpus relief.  <u>Castillo v. Johnson</u>, 141 F.3d 218, 222 (5th Cir.), cert. denied, 524 U.S. 979, 119 S.Ct. 28 (1998), and cases cited therein.  Again, Taylor has alleged only a state law claim for an evidentiary violation; Taylor's claim was not set within a constitutional framework in either the state court or this court and, therefore, is not properly before the court for habeas review.

<u>Witness Statement to Police Given to Jury</u>

In his habeas petition, Taylor contends the trial judge erred by allowing the State to give the jury copies of a witness's statement to the police.  Taylor argues the statement was not given freely and voluntarily, the witness was coached by the police, and the State failed to lay a foundation to introduce the statement into evidence.  In his state application for post-conviction relief (Doc. 5), Taylor cited La.R.S. 15:451, La.C.Cr.P. art. 703(D) and (G), and state law cases, and did not make his argument within a constitutional framework.  Therefore, this claim is not properly before the court for habeas review.

<u>Brady Violation</u>

Finally, Taylor contends the State suppressed exculpatory videotapes which showed he was not armed, in violation of <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1994 (1963).  This claim was properly presented to all courts within a constitutional framework and is fully exhausted.

However, Taylor has presented only unsupported speculation to

this court; he does not have the videotapes.   Speculative and conclusory allegations that the prosecutor withheld exculpatory evidence will not support claim for habeas relief.   Hughes v. Johnson, 191 F.3d 607, 629-30 (5th Cir.1999), cert. denied, 528 U.S. 1145, 120 S.Ct. 1003 (2000).   Also, Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000).

Moreover, although Taylor argues there was only the uncorroborated testimony by the victim that he was armed, the state Court of Appeal addressed that argument on direct appeal and listed all of the circumstantial evidence supporting the victim's testimony that Taylor was armed.[1]   Therefore, the victim's testimony is not uncorroborated.

This ground for relief is meritless.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that Taylor's petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

---

[1] The Second Circuit Court of Appeal stated in its opinion, "Amy McHenry's testimony reported Taylor firing a gun on her porch earlier in the day.   Whether she saw the gun or not, the circumstantial evidence of Taylor's firing the weapon was substantial.   Terry Lee Jackson also provided circumstantial evidence of Taylor's possession of a gun in his pocket when Jackson dropped him off at Burger King.   Last, Coleman's initial excited scream upon seeing Taylor's gun was heard and reported by other Burger King employees who testified."   (Doc. 5, p. 13/152). The Second Circuit also noted that Officer Kevin Miles testified that Taylor told him he had thrown his gun into the weeds; the officers searched but never found the gun.   (Doc. 44, p. 10/152).

Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of April, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE