RECEIVED
JUN 28 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FREDDIE LEE TAYLOR | CIVIL ACTION NO. 08-1913 |
| VERSUS | JUDGE TRIMBLE |
| TIMOTHY WILKINSON, WARDEN, WINN CORRECTIONAL CENTER | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING AND JUDGMENT

Before the court is the report and recommendation[1] of the magistrate judge, issued April 25, 2011, recommending that the petition for writ of habeas corpus filed by Freddie Lee Taylor be denied and dismissed with prejudice.[2] For the reasons expressed below, the court finds that the report and recommendation should be adopted in part and rejected in part.

This case was remanded to the court by the United States Fifth Circuit Court of Appeal by opinion of August 9, 2010. The appellate court's opinion vacated the prior judgment of this court adopting the report and recommendation of the magistrate judge and dismissing petitioner's habeas

---

[1] This court requested further review of this case by the magistrate judge following issuance of mandate and judgment from the United States Fifth Circuit Court of Appeal vacating this court's prior judgment dismissing petitioner's petition for habeas corpus relief on the grounds that the court's judgement was issued in error given certain defects in the record of this case. The record has been supplemented as requested by petitioner [R. 35 at p. 3] and the court has reviewed the entirety of the record in conjunction with this latest report and recommendation from the magistrate judge.

[2] R. 45.

1

corpus claims with prejudice.[3] The court based its ruling on the absence of petitioner's July 15, 2005 application for post-conviction relief to the Louisiana Eighth Judicial District Court, as well as the absence of the state court trial transcript of petitioner's 2004 trial. The appellate court, having been presented with petitioner's motion to expand the record to include a copy of the July 15, 2005 application, granted petitioner's motion and such application is now included in the record of this case.[4]

The court has carefully examined the record on hand in this case, including petitioner's July 15, 2005 application for post-conviction relief before the state district court, and finds that four (4) of petitioner's five (5) stated grounds for federal habeas relief should be dismissed with prejudice because such claims do not present allegations of violation of federal constitutional rights. Specifically, having reviewed petitioner's various state court applications for relief to the district, appellate and Louisiana Supreme courts, this court concludes, as did the magistrate judge, that, as to his claims for (1) erroneous jury instruction concerning reasonable doubt standard, (2) erroneous admission of evidence of other crimes, (3) erroneous admission of a witness statement petitioner claims was obtained improperly and (4) ineffective assistance of counsel, petitioner's state court applications for relief stated these claims only in terms of violations of Louisiana law.

Although petitioner's applications before the state appellate and supreme courts[5] include a

---

[3]R. 36.

[4]R. 36 at p. 2; R. 44-3 at pp. 1 - 24.

[5]Petitioner's application for relief before the 8th JDC does not contain any such mention of the federal constitution, which the court believes would warrant a finding that petitioner did not exhaust any purported constitutional claim as to erroneous jury instruction. See R. 44-3 at pp. 11 - 13.

vague mention of the U.S. Constitution in conjunction with his claim for erroneous jury instruction as to the reasonable doubt standard (for example "[t]he US /sic/ Constitution prohibits the criminal conviction of any person except upon proof beyond a reasonable doubt that actually did not take place during the trial"),[6] we find that such a fleeting reference is insufficient to state a constitutional claim in this case.[7] Moreover, it is well settled that improper jury instructions in state criminal trials do not generally provide a basis for federal habeas relief.[8] In order for an erroneous jury instruction by a state court to warrant federal habeas relief, the petitioner must show, not only that the instruction given was erroneous, but also that it resulted in prejudice of a magnitude so severe that his due process right was violated.[9] The court has reviewed a copy of the jury instructions given at trial.[10]

Petitioner, citing Louisiana jurisprudence, claims that the trial court spoiled its prior jury instruction concerning reasonable doubt and that a finding of reasonable doubt may result from a lack of evidence when it later instructed the jury that

> [t]he defendant has not testified in this case although he could have taken the witness stand if he had so desired. The law does not compel a defendant to testify, and his failure to do so does not create any presumption against him. You are neither to draw any inference

---

[6] R. 5-3 at p. 47.

[7] Wilder v. Cockrell, 274 F.3d 255 (5th Cir. 2001) (fleeting, conclusory references to federal constitutional provisions at the end of a purely state law claim do not convert the claim into a federal claim for purposes of habeas corpus relief).

[8] Estelle v. McGuire, 502 U.S. 62 (1991).

[9] Cupp v. Naughten, 414 U.S. 141 (1973); Sullivan v. Blackburn, 804 F.2d 885 (5th Cir. 1986).

[10] R. 44 at pp. 96 - 110.

> therefrom nor to consider it as an admission on his part. In determining the guilt or innocence of the accused, you are only to consider those facts testified to and brought out during the trial of this case.[11]

Petitioner claims that this additional language effectively instructed the jury that they only had to consider evidence presented on the witness stand and negated the court's earlier instruction that a lack of evidence is a sound basis for a finding of reasonable doubt. The jurisprudence cited by petitioner only stands for the proposition that trial courts in Louisiana must instruct the jury that reasonable doubt may be found on the basis of a lack of evidence.[12] The record shows that the trial court did give such an instruction, advising the jury that they "must determine whether or not a fact has been proven only from the evidence presented or from a lack of evidence."[13] We do not find that the courts later instruction negated its earlier proper instruction under La. C. Cr. P. 804 or that any prejudice which may have resulted from the later instruction rises to the level of a constitutional violation since the later instruction did not state or imply that only affirmative evidence should be considered.

Thus, even were the court to find that petitioner's fleeting reference to the federal constitution was sufficient to invoke a constitutional claim, we would still find that such claim fails on the merits. No other mention of federal constitutional rights appears as to any other claim in any of petitioner's state court applications for relief. We therefore agree with the finding of the magistrate judge that

---

[11]R. 44 at p. 101.

[12]State v. Vessell, 450 So.2d 938 (La. 1984); State v. Mack, 403 So.2d 1299 (La. 1978).

[13]R. 44 at p. 97.

none of the four (4) claims mentioned above constitute grounds for federal habeas relief.[14]

In contrast, petitioner's claim for relief under Brady v. Maryland[15] does state a federal constitutional claim. In that claim, petitioner alleges that the state suppressed exculpatory evidence in the form of two (2) video tapes containing surveillance footage demonstrating that he was not carrying a firearm during the incident giving rise to his arrest and conviction. Petitioner asserts, in each of his various applications for relief, that he was made aware of these tapes during trial and that the state's failure to disclose the existence of these tapes and to produce them prior to trial resulted in great prejudice to him in the defense of the charges against him. The record shows that petitioner's defense counsel, Mr. Herman Castete, was aware of the existence of these tapes no later than January 29, 2004 as evidenced by his filing of a motion to quash same on petitioner's behalf.[16] The record further shows that the petitioner was, through his attorney, aware at that time that the tapes were destroyed and would not be produced at trial.[17] The record also shows that a hearing on the motion to quash was held before Judge Wiley on February 2, 2004 and that the petitioner, then defendant, was present at such hearing.[18] Thus, we reject petitioner's argument that he was surprised at trial by the introduction of witness testimony concerning these tapes, as he personally and through

---

[14] Herrera v. Collins, 506 U.S. 390 (1993) (the role of the federal court in considering a petition for habeas corpus relief is to determine whether or not the petitioner is imprisoned in violation of the U.S. Constitution and not in violation of state law); Engle v. Isaac, 456 U.S. 107 (1982) (allegations of error in the application of state law do not provide grounds for habeas relief).

[15] 373 U.S. 83 (1963).

[16] R. 44 at pp. 68 - 69.

[17] Id.

[18] R. 44-1 at pp. 26 - 36.

his counsel of record was made aware of these tapes well in advance of the May 2004 trial.[19]

The Fifth Circuit's ruling observed that no trial transcript from petitioner's May 2004 trial is present in the record in this case. Review of the record indicates that this is true, despite the magistrate judge's order which specifically ordered the respondent, through the District Attorney for the Eighth Judicial District, to file into the record in this case "[a] certified copy of the state court record, including transcripts of all proceedings held in the state courts."[20] The order also directed the District Attorney to file a response in this matter, which has been filed.[21]

While the respondent does not address the merits of petitioner's Brady claim, it does argue for dismissal of this claim on the basis that it is included in a habeas petition which also contains unexhausted claims and, under the Fifth Circuit's reasoning in Burns v. Estelle,[22] is subject to dismissal under the "mixed petition" theory.[23] We agree with respondent's observation that, to the extent that the habeas petition before the court contains unexhausted claims, we are bound to dismiss the petition in its entirety under the U.S. Supreme Court's ruling in Rose v. Lundy,[24] cited by the Fifth Circuit in Burns. We must first determine the issue of exhaustion as to five (5) claims

---

[19] The court notes that our finding as to the truth of petitioner's assertion that he was not informed of the existence of these tapes prior to trial does not necessarily impact the issue of whether or not the trial court's denial of the motion to quash and admission of witness testimony concerning the content of the video tapes was proper in this case.

[20] R. 38.

[21] R. 42.

[22] 695 F.2d 847 (5th Cir. 1983).

[23] R. 42 at pp. 3 - 4.

[24] 455 U.S. 509 (1982).

presented in the petition before us.

The report and recommendation of the magistrate judge now pending asserts the view that petitioner's claims for the improper admission of an allegedly involuntary witness statement and for ineffective assistance of counsel trial counsel have not been exhausted. This court agrees. More specifically, we find that the record, including the petitioner's July 15, 2005 application for relief before the state district court, supports a finding that petitioner failed to present his claim concerning the witness statement of Terry Lee Jackson, which he alleges was the result of coercion and intimidation by the police, to the Louisiana Supreme Court. The court has reviewed petitioner's application to the state high court and affirms that such claim is omitted.[25] Similarly, our review of the record reveals that petitioner presented his claim for ineffective assistance of counsel only to the Louisiana Supreme Court, failing to present it to either the state district or appellate courts.[26] Thus, the petition now before this court contains at least two (2) unexhausted claims for relief. Accordingly, the petition should be dismissed in its entirety.[27]

Though the Fifth Circuit's ruling places emphasis on the absence of the trial transcript in this case as it impacts any merits consideration of petitioner's Brady claim, we do not believe the absence

---

[25] R. 5-3 at pp. 22 - 48.

[26] See, generally, R. 5, 5-1, -2, -3.

[27] Dismissal of a mixed petition is generally without prejudice. However, in this case, as we have already discussed, four (4) of the five (5) claims advanced by petitioner fail to allege a violation of federal constitutional rights. Petitioner has demonstrated exhaustion with respect to his Brady claim, however, and, as noted in Rose and Burns, petitioner should be permitted to file this single claim for relief in a new habeas petition since exhaustion of the two (2) cited unexhausted claims would be futile given their lack of federal constitutional involvement. Burns, 695 F.2d at 851 citing Rose, 455 U.S. at 520 ("[t[hose prisoners who misunderstand this requirement and submit mixed petitions nevertheless are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims").

7

of the trial transcript bears on dismissal of such claim under the mixed petition theory cited above and, for that reason, will not order supplementation of the record for further proceedings. We do, however, admonish the District Attorney for failing to provide the transcript as ordered or, at the very least, to seek exception to the order by motion in anticipation of the argument of futility.

The court has carefully conducted an independent review of the entire record in this case, including the objections to the magistrate judge's report and recommendation filed by petitioner and, for the reasons expressed herein, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that petitioner's habeas corpus petition now before this court is **DENIED** and **DISMISSED** with prejudice as to petitioner's claims for erroneous jury instruction concerning reasonable doubt, erroneous admission of evidence of other crimes, erroneous admission of an allegedly coerced witness statement and ineffective assistance of counsel and is **DENIED** and **DISMISSED** without prejudice as to petitioner's claim under Brady v. Maryland.[28]

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 28th day of June, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[28]The court adopts the portion of the magistrate judge's report and recommendation recommending the dismissal with prejudice of those claims by petitioner which do not invoke a federal constitutional right. The court declines to adopt that portion of the magistrate judge's report and recommendation recommending the dismissal with prejudice as to petitioner's Brady claim. We make no adoption or rejection of the report and recommendation's assessment of the merits of petitioner's Brady claim, refraining from analysis of this claim under the instruction of the Supreme Court in Rose v. Lundy, 445 U.S. 509 (1982).